BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for selling marijuana contrary to the provisions of Act No. 1407, Section 401(a), Regular Session of the Legislature of Alabama, 1971. The jury convicted and the Court fixed punishment at two years imprisonment.
Briefly, the evidence shows that defendant was approached by an undercover agent at his trailer home in Montgomery County, Alabama, who importuned him to sell him some marijuana. The purchase was made. The agent paid him $160.00. An acquaintance or friend of defendant came with the agent to make the purchase. Defendant testified and denied the sale.
During the res gestae of the proposed sale, some discussion ensued as to the correct weight of the narcotic substance, but defendant did not have any scales to weigh the marijuana. He refused to guarantee the exact weight.
During this discussion, supra, the State asked the witness-agent a question and elicited an answer, all without objection, as follows:
“Q Was there any further conversation between you all after that took place concerning marijuana?
“A Most of the conversation was about the weight. Of course, I asked him if he could guarantee it and if it didn’t weigh out right could I come back. He said he couldn’t guarantee it because he didn’t have a good set of scales and he couldn’t find a good set of scales. And at that time I asked him what he would — how much marijuana he would give me for a good set of triple-beam scales. And he thought a second and replied that he would give me a quarter pound. And I said I thought I could come up with a set and if I did I would get back with him.”
Defendant’s contention was, when he testified, that the companion of the agent, whom defendant knew, had promised to get defendant some money for his use in obtaining aircraft transportation to go to see his seriously ill father in Washington; that this companion came with the agent to his house; that the agent produced the money for the friend to let him have to make the flight to Washington.
It further appears that after defendant returned to Montgomery from Washington, the agent and his friend came out to where defendant was at work in Montgomery County from which place they then went back to the trailer house of defendant. We quote:
“Q (Mr. Bentley) Isn’t it true, Mr. Deese, on April the 28th you and Mr. Kominitsky and Rick Davidson went to your trailer, or the vicinity thereof, and you sold him a quarter pound of marijuana?
“MR. SUNDOCK: Objection. Same reasons as before.
“A That is false.
“THE COURT: Overruled.
“Q (Mr. Bentley) Did you do that?
“A No, I did not.
“Q Isn’t it a fact, Mr. Deese, that you sold him approximately a quarter pound of marijuana and he traded with you for that a set of scales?
*393 “MR. SUNDOCK: Before you answer. Your Honor, we would object to this line of questioning. We would renew the objection in that it is both prejudicial and unnecessary. It does not relate to this particular incident and we move for a mistrial.
“THE COURT: Motion denied. Overrule the objection.
“Q (Mr. Bentley) Isn’t it true that on April 28th in your trailer, or the vicinity thereof, that you gave Agent Kominitsky approximately a quarter pound of marijuana in exchange for his giving you a set of scales?
“MR. SUNDOCK: We will renew the objection and ask for a continuing objection, sir.
“THE COURT: Overrule the objection.
“A I have answered that question several times as being negative.”
Appellant here asserts that the ruling of the Court was error and that the question, even though answered in the negative, carried prejudicial implication that entitles defendant to a reversal of the judgment of guilt.
It is to be noted that the question related to prior evidence, quoted supra, with respect to the procurement of scales for defendant in exchange for some marijuana. The question as to the sale of the marijuana for the scales sought to elicit evidence that tended to sustain and verify the agreement that was a part of the res gestae. The alleged original sale and the incident with respect to the second sale were interwoven and related although separated. We find no error in permitting the question to be asked although the answer was in the negative. We do not think defendant suffered any injury thereby. O’Neal v. State, 50 Ala.App. 31, 276 So.2d 616(4-5); cert. denied, 290 Ala. 370, 276 So.2d 621.
Appellant asserts also that it was prejudicial for the trial Court to allow the State “to ask questions of the appellant concerning offenses for which no conviction existed, and then, having sustained the objection of the appellant to said question, not expunging or clearing the record by instructing the jury.” We quote from the record:
“Q Isn’t it also a fact that on June 22nd, 1977, you sold a Montgomery Police Officer a substance—
“MR. SUNDOCK: Your Honor—
“Q (Mr. Bentley) —which you believed to be phencyclidine at the Omelette Shop on Azalea Drive?
“MR. SUNDOCK: Your Honor, could we have a few moments outside the presence of the jury?
“THE COURT: Do you object?
“MR. SUNDOCK: I do, Your Honor.
“THE COURT: Sustain your objection.
“MR. SUNDOCK: And move to strike and move to instruct the jury to disregard.
“THE COURT: I don’t believe the witness answered the question.
“MR. SUNDOCK: I would like to ask that the question be removed.
“MR. BENTLEY: I will withdraw that question, Your Honor, consistent with the Court’s ruling.”
It appears that the trial court sustained defendant’s objection to the question and that the State withdrew it.
We think the ruling of the Court and the withdrawal expunged the question and its implication from consideration of the jury.
The Judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.